JEFFREY A. SILVESTRI, ESQ.
Nevada Bar No. 5779
JOSEPHINE BINETTI MCPEAK, ESQ.
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone (702) 873-4100
Facsimile (702) 873-9966
Email: jsilvestri@Mcdonaldcarano.com
         jmcpeak@Mcdonaldcarano.com

*Attorneys for Plaintiff*
*AEVOE CORP.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>I-BLASON LLC, a Georgia corporation,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This action for patent infringement arises from Defendant's infringement of Plaintiff Aevoe Corp.'s U.S. Patent No. 8,044,942 ("the '942 Patent") relating to a touch screen protector for a hand-held electronic device. Aevoe seeks damages and injunctive relief.

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this action for infringement of a U.S. Patent under the provisions of 28 U.S.C. §§ 1331 and 1338(a).

2. Defendant i-Blason LLC has transacted business in this district by importing, shipping, selling, and/or offering to sell products as described and claimed in the '942 Patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

3. Venue is proper under 28 U.S.C. § 1400(b) because Defendant i-Blason is subject to personal jurisdiction in this District and is therefore deemed to reside in this District under 28 U.S.C. § 1391(c).  Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims for relief stated in this Complaint occurred in this District.

## PARTIES

4. Plaintiff Aevoe Corp. is a California corporation with its principal place of business in San Francisco, California.

5. Aevoe believes, and therefore alleges, that i-Blason is a Georgia company with a principal office address of 8640 Merion Dr., Duluth, GA 30097, and an additional office located at 5950 Shiloh Rd East, Suite A, Alpharetta, GA 30005.

6. Aevoe believes, and therefore alleges, that Defendant i-Blason conducts substantial business within this district, including without limitation by selling, offering to sell, importing, and/or shipping infringing products to and from this District.

## THE '942 PATENT

7. The United States Patent Office (the "PTO") issued the '942 Patent, entitled "Touch Screen Protector," to Michael Leonhard, Jonathan Lin, and Steven Huang (the "Inventors") on October 25, 2011.  **Exhibit A** is a copy of the '942 Patent.

8. On November 21, 2014, the PTO issued an Inter Partes Reexamination Certificate confirming the patentability of all claims of the '942 Patent without amendment.  **Exhibit B** is a copy of the Inter Partes Reexamination Certificate.  The '942 Patent is valid and enforceable.

9. The Inventors assigned the '942 Patent to Aevoe.

10. Aevoe markets and sells products embodying the '942 Patent throughout the United States.

11. Defendant advertises, sells, and/or offers to sell products, including a touch-screen protector product called "i-BLASON Professional Protection," that infringe the '942 Patent.

12. Defendant offers to sell the i-BLASON product throughout the United States and in this judicial district, and has shipped i-BLASON products to and from this judicial district in response to orders.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COUNT I: DEFENDANT'S INFRINGEMENT OF THE '942 PATENT**

13. Aevoe incorporates all paragraphs above by reference.

14. Defendant has directly infringed and continues to infringe the '942 Patent by making, using, importing, offering to sell, and/or selling (directly or through intermediaries) touch screen protection products, including but not limited to the i-BLASON product line, embodying one or more claims of the '942 Patent in the United States. 35 U.S.C. § 271.

15. Among other things, the infringing i-BLASON Professional Protection product has a front face that includes a touch screen portion and an outer perimeter; a plastic film having a transparent window and a spacer along the outer perimeter that spaces the plastic film near but not in contact with the touch screen; and an exposed adhesive for removably mounting the protector to form an enclosed air space between the transparent window of the plastic film, the spacer, and the device's touch screen. Defendant's manufacture, use, sale, importation, and/or offers for sale of the infringing product are acts of direct infringement.

16. Aevoe believes, and therefore alleges, that Defendant's infringement of the '942 Patent will continue unless permanently enjoined.

17. Aevoe has suffered and will continue to suffer irreparable harm from Defendant's infringement of the '942 Patent, including, *inter alia*, by injury to its business results, prospects, goodwill and market presence and through the erosion of Aevoe's statutory right to exclude others from practicing the claimed invention.

18. Aevoe has suffered and will continue to suffer monetary damages from Defendant's infringement of the '942 Patent.

19. As a consequence of Defendant's infringement, Aevoe is entitled to relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Aevoe prays that the Court enter judgment as follows:

A. Holding that Defendant has infringed claims of the '942 Patent, literally and/or under the doctrine of equivalents;

B.    Preliminarily and permanently enjoining Defendant and its respective agents, servants, officers, directors, employees and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '942 Patent;

C.    Ordering Defendant to account for and pay to Aevoe the damages to which Aevoe is entitled as a consequence of Defendant's infringement of the '942 Patent and to which is available under 35 U.S.C. § 284;

D.    Awarding Aevoe prejudgment interest and post-judgment interest on any damages awarded by reason of Defendant's infringement of the '942 Patent;

E.    Awarding Aevoe its costs and reasonable attorney fees incurred in bringing and maintaining this action, including as available under 35 U.S.C. § 285;

F.    Awarding such other and further relief as this Court may deem just, proper and equitable.

**DEMAND FOR JURY TRIAL**

Aevoe demands trial by jury of all issues triable by a jury.

RESPECTFULLY SUBMITTED this 26th day of January, 2015.

McDONALD CARANO WILSON LLP

By: /s/ Jeffrey A. Silvestri
Jeffrey A. Silvestri, Esq. (#5779)
Josephine Binetti McPeak, Esq. (#7994)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone (702) 873-4100
Facsimile (702) 873-9966
Email: jsilvestri@Mcdonaldcarano.com
jmcpeak@Mcdonaldcarano.com

325644