1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10
11
12
13
14

| | | |
|---|---|---|
| AEVOE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:15-cv-00149-RFB-CWH |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| I-BLASON LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

15      This matter is before the Court on Defendant i-Blason LLC's ("defendant") motion to stay

16  litigation (doc. # 68), filed November 24, 2015, Plaintiff Aevoe Corporation's ("plaintiff") response

17  (doc. # 76), filed December 15, 2015, and defendant's reply (doc. # 78), filed December 18, 2015.

18  Also before the Court are defendant's motion to expedite (doc. # 70), filed December 3, 2015,

19  plaintiff's response (doc. # 74), filed December 11, 2015, and defendant's reply (doc. # 77), filed

20  December 15, 2015.

21                                              **BACKGROUND**

22      This is a patent infringement action involving U.S. Patent No. 8,044,942 (" '942 patent"). The

23  '942 patent is a touch screen protector for handheld electronic devices such as the iPhone and iPad.

24  See Doc. # 1; Doc. # 9.  Plaintiff filed this action on January 26, 2015.  See Doc. # 1.  Defendant filed

25  an answer on April 16, 2015.  See Doc. # 23.  The Court subsequently entered a scheduling order and

26  protective order in this case.  See Doc. # 42; Doc. # 45.  Thereafter, a preliminary injunction, to which

27  defendant consented, was entered in the case.  See Docs. # 62-64.  Defendant now brings a motion to

28  stay and a motion to expedite for this Court's review.  See Doc. # 68; Doc. # 70.

1

**DISCUSSION**

2    **1.      Motion to Stay Litigation (doc. # 68)**

3            Defendant asks the Court to stay this action because: (1) a petition for <u>inter partes</u> review is

4    currently pending before the U.S. Patent & Trademark Office ("PTO"), Patent Trial and Appeal Board

5    ("PTAB"), which challenges the validity of all independent claims relating to the patent at issue in this

6    action, and (2) a related case, <u>Racing Optics v. Aevoe</u>, No. 2:15-cv-01774-RCJ-VCF (complaint filed

7    Sep. 15, 2015) implicates the patent at issue in this litigation and would subject defendant to "double

8    jeopardy."  Doc. # 68 at 2.  According to defendant, case law demonstrates that a stay is appropriate

9    pending resolution of an <u>inter partes</u> review.  <u>Id</u>. at 4 (citing, among others, <u>Capriola Corp. v. LaRose</u>

10   <u>Indus., LLC</u>, No. 8:12-CV-2346-T-23TBM, 2013 WL 1868344, at *3 (M.D. Fla. Mar. 11, 2013) and

11   <u>Unwired Planet, LLC v. Square, Inc.</u>, No. 3:13-CV-00579-RCJ, 2014 WL 4966033, at *5 (D. Nev.

12   Oct. 3, 2014)).  Defendant also contends that a stay would simplify the issues in this action and would

13   not unduly prejudice plaintiff in light of the infancy of the case.  Without a stay, defendant contends

14   that it would be unfairly "forced" to settle the case to avoid litigation costs.  Defendant therefore

15   concludes that a stay is warranted.

16           Plaintiff, in response, argues that a stay would be prejudicial because the PTAB has not yet

17   instituted an <u>inter partes</u> review and may not do so for months.  Even if it does, plaintiff argues that

18   a final decision will likely require a three-year-minimum time line, which would be costly to plaintiff.

19   Contrary to defendant's assertion, moreover, plaintiff argues that <u>Racing Optics</u> was filed only three

20   months ago and does not involve the '942 patent or any patent owned by plaintiff.  Given such,

21   plaintiff argues that it would be highly inefficient to delay this case and wait for a decision in <u>Racing</u>

22   <u>Optics</u>.  Plaintiff next agues that this case is far from its infancy because the parties have been

23   litigating for nearly a year, with fact discovery set to close in just over two months and joint claim

24   construction and pre-hearing statements already filed.  Plaintiff then points out that defendant has

25   conceded it is plaintiff's direct competitor, and the '942 patent already survived the PTO's

26   reexamination twice, which lends further support against staying the case.  According to plaintiff,

27   defendant's cited authority also undermines its arguments and supports a finding of prejudice because

28   in <u>Unwired Planet</u>, for example, a court in this district found that "Plaintiff had incurred significant

2

1    fact discovery and other pretrial expenses" prior to the <u>Markman</u> hearing, and therefore the court

2    concluded that a stay was inappropriate. Doc. # 76 at 11. Plaintiff also points out that another court

3    from this district denied a motion to stay, noting that the Federal Circuit has held that a district court

4    ordinarily should not grant both a preliminary injunction and stay." <u>Id</u>. (citing <u>Aevoe Corp. v. AE</u>

5    <u>Tech Co., Ltd.</u>, No. 2:12-cv-00053-GMN-NJK, ECF. No. 346 (D. Nev. filed Aug. 27, 2013)). Plaintiff

6    adds that a stay would prevent it from obtaining "full" third-party discovery, and in light of the

7    resources expended thus far, along with defendant's improper sales of its remaining inventory (doc.

8    # 59) and the subsequent preliminary injunction entered (doc. # 64) against defendant, plaintiff

9    concludes that a stay is inappropriate.

10          In reply, defendant restates its earlier assertions. Defendant also contends that plaintiff fails

11   to disclose the previous examinations involving the Murphy prior art, which defendant now relies upon

12   in its request for <u>inter partes</u> review before the PTAB. Defendant adds that if the <u>inter partes</u> review

13   is successful, it would invalidate the '942 patent and moot the instant case. Contrary to plaintiff's

14   assertion, moreover, defendant points out that the vast majority of fees and expenses are still to come.

15   Defendant then points out that courts have recently granted stays in cases that have "progressed

16   significantly farther" in litigation than this case pending an <u>inter partes</u> review. Doc. # 78 at 6 (citing,

17   among others, <u>PersonalWeb Technologies, LLC v. Apple Inc.</u>, 69 F. Supp. 3d 1022, 1026 (N.D. Cal.

18   2014)). Defendant adds that while plaintiff cites case law from the Federal Circuit to conclude that

19   a district court should not grant both a preliminary injunction and stay, a review of Federal Circuit case

20   law reveals the court has held that after a district court decides a motion for preliminary injunction,

21   "the district court of course remains free to exercise its discretion and stay the case pending

22   reexamination should either party so move." <u>Id</u>. at 8 (citing <u>Procter & Gamble Co. v. Kraft Foods</u>

23   <u>Glob. Inc.</u>, 549 F.3d 842, 849 (Fed. Cir. 2008)). Defendant further contends that plaintiff improperly

24   speculates as to defendant's infringing conduct while citing defendant's previous admission of

25   accidental sales based on a mistake resulting from poor communication between defendant's U.S.

26   office and Chinese sub-contractor. However, defendant points out that the incident occurred <u>before</u>

27   the preliminary injunction was entered and, since that time, defendant has destroyed the remaining

28   inventory except for a few samples that will be used in this litigation. Thus, defendant concludes that

1    plaintiff's speculation is not credible in light of the fact that defendant consented to the preliminary

2    injunction, and in the absence of evidence showing defendant is currently infringing, intending to

3    infringe, and is capable of infringing plaintiff's patent, a stay is warranted in this case.

4          Courts have broad discretionary power to control discovery including the decision to allow or

5    deny discovery. See e.g., Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988); Landis v. North

6    American Co., 299 U.S. 248, 254 (1936).  This power to stay is "incidental to the power inherent in

7    every court to control the disposition of the causes of action on its docket with economy of time and

8    effort for itself, for counsel, and for litigants." Landis, 299 U.S. at 254.

9          In exercising its discretion, the Court considers four factors in staying a patent case, including:

10   (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving

11   party; (2) whether a stay will simplify the issues in question and the trial of the case; (3) whether

12   discovery is complete; and (4) whether a trial date has been set. See Loc. R. 16.1-20.[1]  The Court notes

13   that, under the Leahy-Smith America Invests Act ("AIA"), the inter partes reexamination proceeding

14   was replaced with an inter partes review process that requires the PTO to decide within three months

15   whether to grant the request for review. See 35 U.S.C. § 314(b); Semiconductor Energy Lab. Co. v.

16   Chimei Innolux Corp., No. SACV 12-21-JST JPRX, 2012 WL 7170593, at *1 (C.D. Cal. Dec. 19,

17   2012).

18         Under the first of four factors, the Court observes that there is only one patent at issue, and

19   there is no risk of sales of the infringing products in light of the injunction entered, to which defendant

20   //

21   //

22

---

23         [1] The Court observes that its local rule governing stays in patent cases mirrors the AIA's four-part test. See AIA
     § 18(b)(1) (Factors for review include: (1) whether a stay, or denial thereof, will simplify the issues in question and
24   streamline trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay, or denial thereof,
     would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a
25   stay, or denial thereof, will reduce the burden of litigation on the parties and on the court.).  The Court also notes that its
     local rule closely aligns with the standard used by at least one district in the Ninth Circuit that has decided the issue of
26   whether to stay a case pending an inter partes review. See e.g., DSS Tech. Mgmt., Inc. v. Apple, Inc., No. 14-CV-05330-
     HSG, 2015 WL 1967878, at *2 (N.D. Cal. May 1, 2015) (Factors for review include:  (1) whether discovery is complete
27   and a trial date has been set; (2) whether a stay will simplify the issues and trial of the case; and (3) whether a stay would
     unduly prejudice or present a clear tactical advantage to the non-moving party.); Evolutionary Intelligence, LLC v.
28   Facebook, Inc., No. C 13-4202 SI, 2014 WL 261837, at *1 (N.D. Cal. Aug. 21, 2014) (same).

1    freely consented, and defendant's destruction of the offending products.[2]   Thus, while plaintiff and

2    defendant are market competitors, the Court finds no evidence of a threat to plaintiff's goodwill or

3    market position.  See Cypress Semiconductor Corp. v. GSI Tech. Inc., No. 13-CV-02013-JST, 2014

4    WL 5021100, at *5 (N.D. Cal. Oct. 7, 2014) (evidence must be presented substantiating an argument

5    that direct competition will result in prejudice).  The Court also finds that mere delay as a result of a

6    stay does not establish undue prejudice.  See Universal Elecs., Inc. v. Universal Remote Control, Inc.,

7    943 F. Supp. 2d 1028, 1033 (C.D. Cal. 2013) ("Mere delay in the litigation does not establish undue

8    prejudice.").  Moreover, the Court finds that defendant has been forthcoming in this action and there

9    is nothing to indicate that defendant is somehow gaming the system.  The Court further finds that

10   plaintiff merely speculates as to its purported inability to obtain "full" third-party discovery, without

11   presenting facts in support of its assertion.  As such, the Court finds that the first factor weighs in favor

12   of a stay.

13          Under the second factor, the Court notes that defendant sought inter partes review of the patent

14   and claims at issue.  If the petition for review is granted, there is a good chance the review will

15   simplify the case by rendering moot some or all of the claims regarding the '942 patent.  The case

16   would be simplified, as it would either end this action or eliminate claims or arguments, while also

17   providing the Court with the PTAB's expert opinion on the claims and patent at issue.  Additionally,

18   if the PTAB denies the petition for review, the stay would be a brief period of only two months.  Given

19   such, the Court concludes that this factor weighs in favor of a stay.

20          Under the third and fourth factors, the parties do not dispute that discovery remains, no trial

21   date has been set, and  joint claim construction and pre-hearing statements were filed.  While the case

22

23          [2] Plaintiff has pointed out that Federal Circuit case law holds that a district court ordinarily should not grant both
24   a preliminary injunction and a stay.  See Doc. # 76 at 11.  The reason is that a stay pending PTO review is appropriate only
     when there is a substantial issue of patentability raised for inter partes review, while the injunction against the accused
25   infringer is appropriate only if there is no substantial issue of patentability.  See Procter & Gamble, 549 F.3d at 849.  As
     such, a court would be required to choose one or the other based on a review of the patent and relevant facts of the case.
26   In the instant action, however, defendant freely consented for an injunction to be entered against it, thereby precluding the
     Court from engaging in a comprehensive review of all the issues involved in determining a typical motion for preliminary
27   injunction.  At this juncture, moreover, the Court is only considering a temporary stay of the case, with the Court remaining
     free to lift the stay at any point in this litigation.  The Court therefore sees no conflict in exercising its discretion to stay the
28   case pending an inter partes review.  See id. ("[T]he district court of course remains free to exercise its discretion and stay
     the case pending reexamination should either party so move").

1  is not in its early stages but in the midst of discovery, a significant amount of work still remains,

2  including expert discovery, summary judgment motions, claim construction, and trial. PersonalWeb,

3  69 F. Supp. 3d at 1026 (case is not so far advanced that a stay would be improper where the parties are

4  not yet engaged in significant and costly work of expert discovery and summary judgment motions,

5  and the pretrial conference is still six months away). Indeed, the Court finds that a stay would not only

6  conserve judicial resources, but the parties' resources as well. The Court therefore finds that a stay

7  at this stage of the litigation would not be improper.

8      In conclusion, the Court finds that the totality of circumstances warrant issuing a stay at this

9  time pending the PTAB's decision on whether to institute an inter partes review.

10  **2.      Motion to Expedite (doc. # 70)**

11      Because the Court has already addressed defendant's motion to stay (doc. # 68), the request

12  to expedite review (doc. # 70) of that motion is denied as moot.

13                              **CONCLUSION AND ORDER**

14      Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to stay litigation (doc.

15  # 68) is **granted in part**. The instant action will be temporarily stayed pending the decision by the

16  PTAB on whether to institute an inter partes review. The parties shall file a joint status report **within**

17  **five days** of the issuance of the PTAB's decision on whether to institute an inter partes review,

18  informing the Court of the PTAB's decision. Upon filing of the foregoing, the parties shall await

19  further order of this Court.

20      **IT IS FURTHER ORDERED** that defendant's motion to expedite (doc. # 70) is **denied as**

21  **moot**.

22      DATED: January 7, 2016

23

24  _____

25  **C.W. Hoffman, Jr.**
    **United States Magistrate Judge**

26

27

28

6